IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DANTAO SU,<br><br>                Plaintiff(s),<br>   v.<br>DEFENSE LANGUAGE INSTITUTE<br>FOREIGN LANGUAGE CENTER,<br><br>                Defendant(s). | CASE NO. 5:10-cv-04194 EJD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL**<br><br>[Docket Item No(s). 34] |

Presently before the court is a document entitled "Affidavit of Prejudice Peremptory Challenge to Judicial Officer filed by Plaintiff Dantao Su ("Plaintiff"). See Docket Item No. 34. Since peremptory challenges to judicial officers are not recognized in federal court, the court construes Plaintiff's filing as a motion for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455.[1] Notably, this is Plaintiff's second attempt to recuse the undersigned from presiding over this action. See Docket Item No. 23. This motion will be denied.

Under §§ 144 and 455, recusal is appropriate where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonable be questioned." Yagman v. Republic Ins., 987 F.2d 622, 626 (9th Cir. 1993). Such recusal may rest on either "actual bias or

---

[1] Assuming Plaintiff filed the instant motion pursuant to 28 U.S.C. § 144, this court must pass on the legal sufficiency of the affidavit in the first instance. See Toth v. Trans World Airlines, Inc., 862 F.2d 1381, 1388 ("Only after the legal sufficiency of the affidavit is determined does it become the duty of the judge to 'proceed no further' in the case.").

1
CASE NO. 5:10-cv-04194 EJD
ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL

1 the appearance of bias." Id. A district judge has a duty to disqualify himself "in any proceeding in
2 which his impartiality might reasonably be questioned" or where "he has a personal bias or prejudice
3 concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."
4 28 U.S.C. § 455(a), (b)(1). However, "[f]ederal judges are obligated not to recuse themselves where
5 there is no reason to question their impartiality." New York City Housing Develop. Corp. v. Hart
6 796 F.2d 976, 980 (7th Cir. 1986).

7 Here, Plaintiff's conclusion of bias stems from the court's statements at a Case Management
8 Conference, during which the court attempted to have this matter proceed by ensuring that service
9 was effected on the United States Attorney. As the Complaint demonstrates, Plaintiff alleges that
10 Defendant is a federal agency, thereby requiring service pursuant to Federal Rule of Civil Procedure
11 4(i). See Docket Item No. 1, at ¶ 1. Since the court's perception of proper service stems from the
12 pleadings in this case, the allegations are not sufficient to demonstrate either actual bias or an
13 appearance of bias. Pesnell v. Arsenault, 543 F.3d 1038, 1044 (9th Cir. 2008).

14 Accordingly, Plaintiff's motion for recusal is DENIED.

15 **IT IS SO ORDERED.**

17 Dated: September 19, 2012



EDWARD J. DAVILA
United States District Judge